**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EDDY MURPHY JR, et al.,** *and other individuals similarly situated*, | ) CASE NO.  1:16-cv-01966-DAP |
| | ) |
| | ) JUDGE DAN AARON POLSTER |
| Plaintiffs, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| **FIRST STUDENT MANAGEMENT LLC AND FIRST STUDENT, INC.** | ) |
| | ) |
| | ) |
| Defendant. | ) |

**I. Background**

    **A. Factual Allegations**

As alleged in the Complaint, Plaintiffs Eddy Murphy Jr., et al., and the class of defendants they purport to represent (collectively "Plaintiffs") are, were, or will be bus drivers and driver assistants employed by Defendants First Student Management LLC and/or First Student Inc. (collectively "Defendants"). Compl. ¶¶ 72–73, 115, 118. Defendants are a subsidiary and parent company, respectively, and both have principal offices of business in Cincinnati, Ohio. Compl. ¶¶ 69–70. Defendants operate school bus yards in forty-two states and specifically operate seventeen bus yards within Ohio. Compl. ¶ 74–91, 99.

Defendants use an Electronic Vehicle Inspection Records ("EVIR") system to maintain inspection records. Compl. ¶ 111. Defendants also use these EVIR to calculate time "on the clock" by recording when bus drivers and assistants clock in and clock out of the EVIR program at the beginning and end of a route. Compl. ¶¶ 131–33, 138–39. When a driver or assistant logs in or out of the EVIR system, it sends a notice to Defendant's timekeeping software. Compl. ¶ 145. However, the EVIR system does not track the time drivers and assistants work before or after they are logged into the EVIR system—this time goes unrecorded. Compl. ¶¶128–34, 138–42. Drivers and assistants are not paid for this unrecorded time. Compl. ¶¶ 134–35, 141–42.

The timekeeping software compares the time recorded in EVIR to an "Estimated Route Time," and if the time recorded in the EVIR and the Estimated Route Time differ within a certain range predetermined by Defendants, the driver is paid for the estimated amount of time rather than the time actually recorded in the EVIR. Compl. ¶¶ 145–46. If the time recorded falls outside the predetermined "tolerance" range, the timekeeping system notifies the Defendants through an exception report so that drivers can be paid accordingly. Compl. ¶ 148. However, Defendants often ignore these exception reports, paying drivers for the estimated time rather than the time actually recorded. Compl. ¶ 149.

In addition to daily routes, drivers and assistants are at times assigned to charter routes. Compl. ¶ 152. To keep employees at or less than forty hours per week and avoid paying overtime, Defendants often shift hours worked on a charter run to a subsequent pay period. Compl. ¶ 153. Without this time shifting, Plaintiffs would be paid overtime. Compl. ¶¶ 155–58.

Plaintiffs claim Defendants have violated both the federal Fair Labor Standards Act ("FLSA") and Ohio law by failing to pay Plaintiffs for all hours worked during the week and for

failing to pay for overtime worked. Compl. ¶¶ 94–95. Furthermore, Plaintiffs allege that Defendants willfully violated these laws, citing seven prior instances where Defendants were subject to civil penalties for violating FLSA law and six prior instances where Defendants were subject to civil penalties for violating New Jersey Wage and Hour Law as a result of Defendants' "history of violations." Compl. ¶¶ 105, 106, 108.

### B. Procedural History

On August 5, 2016, Plaintiffs filed the above-captioned case, alleging the facts summarized above and asserting four claims: 1) an FLSA claim for unpaid time at regular rate of pay, 2) an FLSA overtime claim, 3) a breach of contract claim for straight time, and 4) an Ohio Minimum Fair Wage Standards Law overtime claim. Compl. ¶¶ 123–158.

On October 28, 2016, Defendants filed the instant Partial Motion to Dismiss, moving the Court to dismiss Count I (i.e., "FLSA – Claim for Unpaid Time at Regular Rate of Pay"). Doc #: 8. On December 27, 2016, Plaintiffs filed a Memorandum in Opposition to the dismissal of Count I. Doc #: 12. On January 10, 2017, Defendants filed a Reply Brief. Doc #: 14. This motion is now ripe for resolution.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must allege sufficient facts to compose "a short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the plausibility requirement is not a heightened or "probability" pleading requirement, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* Dismissal with prejudice is inappropriate where "a more carefully drafted complaint might state a claim." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

**III. Discussion**

In Count I, Plaintiffs allege an FLSA claim for unpaid time at their regular rates of pay. Specifically, they claim, "Pursuant to the FLSA, plaintiffs and the members of the Proposed FLSA Class are entitled to be paid for all straight time worked during weeks their hours exceed forty (40) hours. . . . The failure of First Student to pay for all straight time worked by the plaintiffs during all weeks these drivers worked more than forty (40) hours is a violation of the FLSA." Compl. ¶¶ 158, 158. In their Partial Motion to Dismiss, Defendants argue a claim for "straight time" (also called "gap time") is not cognizable under the FLSA and, consequently, that Count I should be dismissed. Reply 1.

In relevant part, the FLSA establishes minimum wage and maximum hours restrictions. 29 U.S.C. §§ 207, 208. However, there is a split of authority regarding whether unpaid straight time during weeks in which an employee works overtime is cognizable under the FLSA,[1] and the

---

[1] Not at issue here is a so-called "pure gap time" claim, in which a claim for unpaid, non-overtime hours is made for a pay period in which overtime has *not* been worked. *See, e.g., Taylor v. McLane Foodservice, Inc.*, No. 12-2697-JWL, 2013 WL 943531, at *4, 2013 U.S. Dist. LEXIS

Sixth Circuit has yet to address the issue.

On the one hand, the Fourth Circuit has found that FLSA provides a remedy for gap time compensation in work periods where the FLSA overtime provision is violated. *Monahan v. Cty. of Chesterfield, Va.*, 95 F.3d 1263 (4th Cir. 1996). *Monahan* considered Department of Labor interpretations[2] which provide in part, under the heading "Payment for all hours worked in overtime workweek is required," that "extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." 29 C.F.R. § 778.315; *Monahan*, 95 F.3d at 1273. The *Monahan* court found that "[t]his interpretation expressly requires that in order to determine overtime compensation, one must first look to the employment agreement to determine whether the employer has first paid all straight time due under the agreement." *Monahan*, 95 F.3d at 1273; *see also Donovan v. Crisostomo*, 689 F.2d 869, 876 n.13 (9th Cir. 1982) ("The Secretary

---

32924, at *12–13 (D. Kan. Mar. 11, 2013) ("[A]ccording to the vast majority of cases, one cannot bring an action under the FLSA for 'gap time' in the absence of overtime work and in the absence of an allegation that the average wage falls below the federal minimum wage."); *Bassett v. Tennessee Valley Auth.*, No. 5:09-CV-00039, 2013 WL 2902821, at *10, 2013 U.S. Dist. LEXIS 83203, at *29 (W.D. Ky. June 13, 2013) (noting that most courts hold there is no FLSA pure gap time claim "unless the hourly wage falls below the federal minimum wage."). *But see D'Arezzo v. Providence Ctr., Inc.*, 142 F. Supp. 3d 224, 233 n.15 (D.R.I. 2015) ("This Court finds that employees required to do [gap time] can state a claim under the FLSA's minimum wage provision.")

[2] The Fourth Circuit acknowledged the difference between agency "regulations" and "interpretations," noting, that "the interpretation of a statute by the agency charged with its enforcement ordinarily commands considerable deference" and that such interpretations, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Monahan*, 95 F.3d at 1273 n.10 (citations in internal quotation marks omitted).

has interpreted the overtime provision as requiring full payment for all straight time hours worked as a prerequisite to satisfying the overtime provision. 29 C.F.R. s 778.315. Our holding recognizes that the Secretary's interpretation of the statute he administers is entitled to deference.").

On the other hand, the Second Circuit has found that the FLSA provides no remedy for gap time claims, even when an employee claims overtime. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). *Lundy* notes that "the text of the FLSA requires only payment of minimum wages and overtime wages. It simply does not consider or afford a recovery for gap-time hours." *Id.* at 116 (citing 29 U.S.C. §§ 201–19). *Lundy* is critical of the Department of Labor's interpretative regulations, including 29 C.F.R. § 778.315, noting that it "provides no statutory support or reasoned explanation" for its interpretation. *Lundy*, 711 F.3d at 116–17. In a similar vein, a Wisconsin district court offers a more thorough discussion:

> Section 215 of the FLSA lists "prohibited acts" as being a violation of § 206 (minimum wage provision), § 207 (maximum hours provision), § 212 (child labor provision), § 211(c) (record keeping requirements) or regulations issued under § 214 (records requirement for employment of apprentices and those whose earning capacity is impaired by certain characteristics). It does not include in the list a violation for failure to pay straight or gap time wages or the overall compensation anticipated by an employee agreement. In addition, the relief afforded employees aggrieved by violations of § 206 or § 207 is limited to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The statute makes no mention of relief in the form of unpaid regular wages for a violation of the maximum hours provision. Stated simply, the FLSA provides no avenue for the recovery of straight-time pay. Moreover, although the regulations provide interpretation for applying the overtime and minimum wage requirements, they cannot create new causes of action for uncompensated straight-time.

*Espenscheid v. DirectSat USA*, LLC, No. 09-CV-625-BBC, 2011 WL 10069108, at *13, 2011

U.S. Dist. LEXIS 154706, at *35–36 (W.D. Wis. Apr. 11, 2011).

While neither Second Circuit nor Fourth Circuit caselaw binds this Court,[3] the Court is persuaded that the FLSA does not protect gap time.

In the Sixth Circuit, generally, Department of Labor interpretative regulations under the FLSA constitute a body of experience and informed judgment to which courts may properly resort for guidance. *Justice v. Metro. Gov't of Nashville, Davidson Cty., Tenn.*, 4 F.3d 1387, 1393 (6th Cir. 1993) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). However, the Sixth Circuit instructs that "[t]o determine legislative intent, a court must first look to the language of the statute itself. If the language of the statute is clear, a court must give effect to this plain meaning." *Broad. Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 769 (6th Cir. 2005). "Departure from the language of the legislature and resort to judicially created rules of statutory construction is appropriate only in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . or when the statutory language is ambiguous.' The plain meaning of the statute controls the court's interpretation in all other instances." *Nixon v. Kent Cty.*, 76 F.3d 1381, 1386 (6th Cir. 1996) (alterations in original) (citations omitted).

Here, as *Espenscheid* explains, 29 U.S.C. §§ 206 and 207 clearly encompass the protection of "minimum wage" and "maximum hours," respectively, but not gap time. Because the meaning of the statute is clear and unambiguous, the Court need not—and does not—look

---

[3] The Court also notes at least one circuit court has acknowledged and declined to answer this question. *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014) ("We need not resolve the [overtime gap time] issue in this case because, as discussed above, the plaintiffs have not plausibly alleged that they worked overtime in any given week.").

beyond the plain meaning of the statute itself in giving effect to the statute and consequently does not afford the Department of Labor's interpretation any weight. Accordingly, this Court joins other district courts in the Sixth Circuit and holds that recovery of gap time is not conferred by the FLSA, regardless of whether overtime work is alleged. *See Flexter v. Action Temp. Servs., Inc.*, No. 2:15-CV-754, 2016 WL 7852351, at *4 (S.D. Ohio Mar. 25, 2016) ("The statutory language of the FLSA does not expressly allow for the recovery of unpaid straight or gap time. While recovery for such claims cannot be grounded in the FLSA, plaintiffs still have adequate remedies for recovery based on state statutes or general contract principles. Therefore, to the extent they are being sought, the Court rejects Plaintiff's claims for unpaid straight time under the FLSA."); *Bassett*, 2013 WL 2902821, at *11 ("The FLSA provides no cause of action for the recovery of straight time in excess of the minimum wage, even when the plaintiff seeks payment of overtime wages.").

Therefore, Count 1 fails as a matter of law and must be dismissed. Because a claim for gap time is not cognizable under the FLSA, amendment of Count 1 would be futile. Finally, the Court notes that this does not affect Plaintiffs' separate claim for gap time under state law (i.e., Count III: "Breach of Contract - Straight Time Claim").

## IV. Conclusion

For the reasons stated herein, Defendants' Partial Motion to Dismiss, Doc. #: 8, is GRANTED, and Count 1 of the Complaint is dismissed with prejudice.

IT IS SO ORDERED.

>*/s/ Dan A. Polster     Jan. 24, 2017*
>**DAN AARON POLSTER**
>**UNITED STATES DISTRICT JUDGE**